**FILED**

**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE AUSTER COMPANY, INC.<br>2404 S. Wolcott Avenue, Units 32-33<br>Chicago, Illinois 60608<br>(312) 829-6550<br><br>and<br><br>JACK TUCHTEN WHOLESALE PRODUCE, INC.<br>2404 S. Wolcott, Unit 31<br>Chicago, Illinois 60608<br>(312) 226-4536<br><br>Plaintiffs<br><br>v.<br><br>H.Z. TRADING, INC. a/t/a<br>WEI SHENG TRADING<br>303 State Street<br>Chicago Heights, Illinois 60411<br>(708) 757-1888<br><br>HONG ZHEN HUANG<br>303 State Street<br>Chicago Heights, Illinois 60411<br>(708) 757-1888<br><br>SHENG CHEN a/t/a WEI SHENG TRADING<br>14731 Drexel Avenue<br>Dolton, Illinois 60419<br>(708) 849-9778<br><br>MIDWEST GLOBAL FOOD DISTRIBUTORS, LLC<br>2 North La Salle Street, Ste. 1776<br>Chicago, Illinois 60602<br>(708) 757-1888<br><br>BEST FOOD SERVICES, INC.<br>7131 West 61st Street<br>Chicago, Illinois 60638<br>(773) 526-5118<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:Civil Action No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**08 C 548**

**JUDGE GRADY
MAGISTRATE JUDGE MASON**

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

The Auster Company, Inc. ("Auster"), and Jack Tuchten Wholesale Produce, Inc. ("Tuchten"), for their complaint against defendants, H.Z. Trading, Inc. a/t/a Wei Sheng Trading, Hong Zhen Huang, Sheng Chen a/t/a Wei Sheng Trading, Midwest Global Food Distributors, LLC, and Best Food Services, Inc., allege:

<u>JURISDICTION AND VENUE</u>

1.      Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiffs' claims arose in this District and (b) defendants reside in this District.

<u>PARTIES</u>

3.      a.      Plaintiff, Auster, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

b.      Plaintiff, Tuchten, an Illinois corporation with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.    a.    Defendant, H.Z. Trading, Inc. a/t/a Wei Sheng Trading ("HZ Trading"), an Illinois corporation with a principal place of business in Chicago Heights, Illinois, was also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

b.    Defendant, Hong Zhen Huang ("Huang"), upon information and belief, is an owner, officer, and director of HZ Trading, during the period of time in question who controlled the day to day operations of HZ Trading and was in a position of control over the PACA trust assets belonging to plaintiffs.

c.    Defendant, Sheng Chen a/t/a Wei Sheng Trading ("Chen"), upon information and belief, is an owner, officer, and director of HZ Trading, during the period of time in question who controlled the day to day operations of HZ Trading, and was in a position of control over the PACA trust assets belonging to plaintiffs.

d.    Defendant, Midwest Global Food Distributors, LLC ("Midwest"), an Illinois limited liability company, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

e.    Defendant, Best Food Services, Inc. ("Best Food"), an Illinois corporation with a principal place of business in Chicago, Illinois, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

3

<u>GENERAL ALLEGATIONS</u>

5.     This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.      Between November 8, 2007, and December 6, 2007, plaintiff Auster sold and delivered to defendant HZ Trading, in interstate commerce,  $30,251.00 worth of wholesale quantities of produce of which $30,251.00 remains unpaid.

7.      Between December 9, 2007 and December  24, 2007, plaintiff Tuchten sold and delivered to defendant HZ Trading, in interstate commerce, $26,400.75 worth of wholesale quantities of produce of which $26,400.75 remains unpaid.

8.     Defendant HZ Trading accepted the produce from plaintiffs.

9.     At the time of receipt of the produce, plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

10.     Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $56,651.75 and remain beneficiaries until full payment is made for the produce.  Itemized statements of account and a representative sampling of unpaid invoices, which are voluminous, from each plaintiff to defendant HZ Trading, with the requisite statutory language to preserve trust benefits, are

attached hereto as Exhibits 1 and 2.   All of plaintiffs' invoices to Defendants contain the requisite statutory language to preserve trust benefits.

11.    Despite demand for payment, Defendant HZ Trading has failed and refused to pay plaintiffs for the wholesale quantities of produce supplied by plaintiffs, and has advised plaintiffs it is unable to do so.

12.    Upon information and belief, in January, 2008, defendants HZ Trading, Huang, and Chen transferred inventory, as well as other assets subject to the trust, to Midwest and Best Foods.

13.    Defendants' transfer of assets to Midwest and Best Foods, without paying plaintiffs, indicates that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

<u>Count 1</u>

(Failure to Pay Trust Funds)
HZ Trading

14.    Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    The failure of defendant HZ Trading to make payment to plaintiffs of trust funds in the aggregate amount of $56,651.75 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiffs request an order enforcing payment from the trust by requiring immediate payment to plaintiffs as follows:

a.    The amount of $30,251.00 to Auster;

b.    The amount of $26,400.75 to Tuchten; and

c.      Such other and further relief as the Court deems necessary and appropriate.

## Count 2

### (Failure to Pay For Goods Sold)

16.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.     Defendants failed and refused to pay plaintiffs the aggregate amount of $56,651.75 owed to plaintiffs for produce received by defendants from plaintiffs.

WHEREFORE, plaintiffs requests judgment as follows:

a.      In favor of Auster, and against defendants, jointly and severally, in the amount of $30,251.00;

b.      In favor of Tuchten, and against defendants, jointly and severally, in the amount of $26,400.75; and,

c.      Such other and further relief as the Court deems necessary and appropriate.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Hong Zhen Huang)

18.     Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 17 above as if fully set forth herein.

19.     Defendant, Hong Zhen Huang, was a principal of HZ Trading who operated HZ Trading during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiffs.

20.     Defendant, Hong Zhen Huang, failed to direct HZ Trading to fulfill its statutory duty to preserve PACA trust assets and pay plaintiffs for the produce supplied.

21.     Defendant, Hong Zhen Huang's failure to direct HZ Trading to maintain PACA trust assets and pay plaintiffs for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

22.     As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiffs request judgment against defendant, Hong Zhen Huang, in favor of plaintiffs as follows:

a.  In favor of Auster, and against defendant Hong Zhen Huang, in the amount of $30,251.00;

b.  In favor of Tuchten, and against defendant Hong Zhen Huang, in the amount of $26,400.75; and,

c.  For such other and further relief as the Court deems necessary and appropriate.

<u>Count 4</u>

(Unlawful Dissipation of Trust Assets by
a Corporate Official – Sheng Chen)

23.     Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 22 above as if fully set forth herein.

24.    Defendant, Sheng Chen, was a principal of HZ Trading who operated HZ Trading during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiffs.

25.    Defendant, Sheng Chen, failed to direct HZ Trading to fulfill its statutory duties to preserve PACA trust assets and pay plaintiffs for the produce supplied.

26.    Defendant, Sheng Chen's failure to direct HZ Trading to maintain PACA trust assets and pay plaintiffs for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

27.    As a result of said unlawful dissipation of trust assets, plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, plaintiffs request judgment against defendant, Sheng Chen, in favor of plaintiffs as follows:

a. In favor of Auster, and against defendant Sheng Chen, in the amount of $30,251.00;

b. In favor of Tuchten, and against defendant Sheng Chen, in the amount of $26,400.75; and

c. For such other and further relief as the Court deems necessary and appropriate.

<u>Count 5</u>

(Unlawful Receipt and Retention of PACA Trust Assets-
Midwest Global Food Distributors, LLC.)

28.    Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 27 above as if fully set forth herein.

29.    Upon information and belief, defendant HZ Trading transferred trust assets of HZ Trading to Midwest, including inventory, accounts receivable and other assets derived from produce delivered to HZ Trading.

30.    The produce accounts receivable and other assets derived from produce transferred to Midwest are PACA trust assets in that they are impressed with the PACA statutory trust in favor of plaintiffs who have not received payment.

31.    Midwest knew or should have known that the transfer of trust assets was made in breach of the PACA trust  that plaintiffs are beneficiaries of.

32.    Midwest  wrongfully received and continues to wrongfully hold PACA trust assets of plaintiffs which are due to plaintiffs under the PACA trust.

WHEREFORE, plaintiffs request an order directing Midwest to disgorge and pay over the PACA trust assets to plaintiffs, or in the alternative, judgment against Midwest in favor of plaintiffs as follows:

a.  In favor of Auster, and against defendant Midwest, in the amount of $30,251.00;

b.  In favor of Tuchten, and against defendant Midwest, in the amount of $26,400.75; and

c. For such other and further relief as the Court deems necessary and appropriate.

## Count 6

(Unlawful Receipt and Retention of PACA Trust Assets-
Best Food Services, Inc.)

33. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 32 above as if fully set forth herein.

34. Upon information and belief, defendant HZ Trading transferred trust assets of HZ Trading to Best Food, including inventory, accounts receivable and other assets derived from produce delivered to HZ Trading.

35. The produce accounts receivable and other assets derived from produce transferred to Best Food are PACA trust assets in that they are impressed with the PACA statutory trust in favor of plaintiffs who have not received payment.

36. Best Food knew or should have known that the transfer of trust assets was made in breach of the PACA trust that plaintiffs are beneficiaries of.

37. Best Food wrongfully received and continues to wrongfully hold PACA trust assets of plaintiffs which are due to plaintiffs under the PACA trust.

WHEREFORE, plaintiffs request an order directing Best Food to disgorge and pay over the PACA trust assets to plaintiffs, or in the alternative, judgment against Best Food in favor of plaintiffs as follows:

a. In favor of Auster, and against defendant Best Food, in the amount of $30,251.00;

b. In favor of Tuchten, and against defendant Best Food, in the amount of $26,400.75; and

c. For such other and further relief as the Court deems necessary and appropriate.

Count 7

(Interest and Attorneys Fees)

38.    Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39.    As a result of defendants' failure to make full payment promptly of $56,651.75, plaintiffs have lost the use of said money.

40.    As a further result of defendants' failure to make full payment promptly of $56,651.75, plaintiffs have been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

41.    PACA and the invoices of plaintiffs entitle plaintiffs to recover prejudgment interest at a rate of 1.5% per month and attorney's fees incurred to collect any balance due from defendants.

WHEREFORE, plaintiffs request judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees, and such other and further relief as the Court deems necessary and appropriate.

Dated this 24th day of January, 2008

McCARRON & DIESS                   LAW OFFICES OF WILLIAM B. KOHN

By:s/ Mary Jean Fassett                By:s/ William B. Kohn
    Mary Jean Fassett, ID#9078552      William B. Kohn
    4910 Massachusetts Ave., N.W.      150 N. Wacker Drive
    Suite 18                           Suite 1400
    Washington, DC 20016               Chicago, Illinois 60606
    (202) 364-0400                     (312) 553-1200
    (202) 364-2731 – fax               (312) 553- 1733 -- fax
    mjf@mccarronlaw.com                kohn@wbkohnlaw.com

                                       Attorneys for Plaintiffs