IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE AUSTER COMPANY, INC., et al. : | |
| : | |
| Plaintiffs : | |
| : | |
| v. : | Civil Action No:1:08-cv-00548 |
| : | J. Grady |
| H.Z. TRADING, INC. a/t/a : | Mag. Judge Mason |
| WEI SHENG TRADING, et al. : | |
| : | |
| Defendants : | |

**TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon plaintiffs' Application for Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

<u>FINDINGS OF FACT</u>

1. The Auster Company, Inc. ("Auster") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a <u>et.</u> <u>seq.</u>

2. Jack Tuchten Wholesale Produce, Inc. ("Tuchten") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a <u>et.</u> <u>seq.</u>

3. H.Z. Trading, Inc. a/t/a Wei Sheng Trading purchased wholesale quantities of produce and is a dealer as that term is defined by the PACA, and subject to license under the PACA as a dealer.

4. Hong Zhen Huang and Sheng Chen are the officers and directors of H.Z. Trading, Inc. a/t/a Wei Sheng Trading and were in direct control of all operations of the company during the period of time in question.

5. Between November 8, 2007, and December 6, 2007, plaintiff Auster sold and delivered to defendant H.Z. Trading, Inc. a/t/a Wei Sheng Trading, in interstate commerce, wholesale amounts of produce items worth at least $30,251.00, which remains unpaid.

6. Between December 9, 2007, and December 24, 2007, plaintiff Tuchten sold and delivered to defendant H.Z. Trading, Inc. a/t/a Wei Sheng Trading, in interstate commerce, wholesale amounts of produce items worth at least $26,400.75, which remains unpaid.

7. Plaintiffs sent invoices to defendant H.Z. Trading, Inc. a/t/a Wei Sheng Trading that contained the language required by 7 U.S.C. §499e(c)(4).

8. Plaintiffs have not been paid any monies by defendants for the $56,651.75 worth of commodities that it sold to defendants, and defendant Sheng Chen has advised plaintiff Auster that defendants recently sold or transferred certain H.Z. Trading, Inc. assets to Midwest Global Food Distributors, LLC and Best Food Services, Inc. without paying plaintiffs for produce supplied to H.Z. Trading, Inc.

9. Defendants are failing to comply with their statutory duties under 7 U.S.C. §499e(c) to hold $56,651.75 in trust for benefit of plaintiffs and to pay said sum to plaintiffs.

## CONCLUSIONS OF LAW

1. A debt of at least $56,651.75 to plaintiffs is owed for produce delivered to defendants.

2. Auster is a beneficiary of the trust required to be maintained by defendants under 7 U.S.C. §499e(c) and the enabling regulations at 7 CFR 46.46 in the unpaid, qualified amount of $30,251.00.

3. Tuchten is a beneficiary of the trust required to be maintained by defendants under 7 U.S.C. §499e(c) and the enabling regulations at 7 CFR 46.46 in the unpaid, qualified amount of $26,400.75.

4. The likelihood of irreparable harm to plaintiffs is great because absent injunctive relief, defendants will continue to violate their statutory duties, resulting in dissipation of trust assets that will be difficult or impossible to recover.

5. There is little harm to defendants in granting an injunction, which only requires defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute.

6. The public interest is furthered by the granting of a temporary restraining order. The statute itself states that the trust law was established to benefit the public interest which had suffered due to nonpayment for produce.

7. The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because defendants already have at least

$56,651.75 worth of trust assets from plaintiffs as security for the issuance of this Order.

Based on the foregoing, the Court finds that the plaintiffs will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted.

Therefore, it is by the United States District Court for The Northern District Of Illinois,

**ORDERED, ADJUDGED AND DECREED** that defendants, H.Z. Trading, Inc. a/t/a Wei Sheng Trading, Hong Zhen Huang, and Sheng Chen a/t/a Wei Sheng Trading, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of the defendant corporation, H.Z. Trading, Inc., or their subsidiaries or related companies except for payment to plaintiffs until further order of this Court or until defendants pay plaintiffs the aggregate sum of $56,651.75 by cashiers check or certified check at which time the Order is dissolved.

**ORDERED** that in the event the above-referenced defendants fail to pay plaintiffs the aggregate sum of $56,651.75 by cashiers or certified check within five (5) days of service of this Order, then the defendants shall file with this Court with a copy to plaintiffs' counsel an accounting which identifies the assets and liabilities and each account receivable of H. Z. Trading, Inc. a/t/a Wei Sheng Trading, signed under penalty of perjury; and that defendants shall also supply to plaintiff's attorney, within ten (10) days of the date of this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but

not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns, and bank statements for the last three (3) months;  and that defendant H. Z. Trading, Inc. a/t/a Wei Sheng Trading shall also supply to plaintiffs' attorney, within ten (10) days of the date of the Order, any and all documents in connection with the transfer or sale of its assets and liabilities to Best Food Services, Inc. and Midwest Global Food Distributors, LLC.

Bond shall be waived in view of the fact that defendants now hold at least $56,651.75 of plaintiff's assets.

This Temporary Restraining Order is entered this _____ day of _____, 2008, at _____ __.m.

_____
United States District Judge