IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE AUSTER COMPANY, INC., et al.   : | |
| : | |
| Plaintiffs   : | |
| : | |
| v.   : | Civil Action No:1:08-cv-00548 |
| : | J. Grady |
| H.Z. TRADING, INC. a/t/a   : | Mag. Judge Mason |
| WEI SHENG TRADING, et al.   : | |
| : | |
| Defendants   : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE
AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, The Auster Company, Inc. and Jack Tuchten Wholesale Produce, Inc., submit this memorandum in support of their Motion for Temporary Restraining Order and Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65. Submitted herewith in support of plaintiffs' application are the affidavits of Mary Rojas and John Zhu of the Auster Company, Inc., and Dawn Arkin of Jack Tuchten Wholesale Produce, Inc., plaintiffs' representatives.

INTRODUCTION

Plaintiffs are engaged in the business of selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.

Defendant H.Z. Trading, Inc. a/t/a Wei Sheng Trading ("HZ Trading"), is a corporation located in Chicago Heights, Illinois. Defendant purchased wholesale quantities of produce, and is and was at all times pertinent herein, a dealer of produce subject to license under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq., ("PACA"). Upon information and belief, defendants, Hong Zhen Huang and Sheng

Chen are the officers and directors of the corporate defendant who directed the day-to-day operations of the corporate defendant during the period of time in question.

Plaintiffs seek enforcement of the statutory trust established under the PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984) (the "PACA regulations").  The Court's jurisdiction is invoked pursuant to 7 U.S.C. §499e(c)(5)(i).

## THE PACA TRUST

The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts."  49 Fed. Reg at 45737.

In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers.  7 U.S.C. §499e(c)(2).  Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990).  The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents who provided the commodities until full payment has been made.  Id.  The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables."  49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2), is forbidden. 7 CFR §46.46(e)(i).

## BACKGROUND OF THIS ACTION AND THE INSTANT APPLICATION

Plaintiffs are wholesalers of produce located in Chicago, Illinois, which sold wholesale quantities of produce to defendants in the unpaid amount of $56,651.75 of which $56,651.75 qualifies for trust protection.

Plaintiffs are beneficiaries of the statutory trust which defendants are required to maintain until full payment is made to plaintiffs for the produce.

Defendants are past due in paying plaintiffs for the produce. Defendants have acknowledged they owe the debt to plaintiffs but refuse to pay for the same. Defendants have also advised plaintiff that they are unable to pay plaintiffs for the produce they supplied, as they have recently transferred or sold assets of HZ Trading to Midwest Global Food Distributors, LLC and Best Food Services, Inc. without making payment to plaintiffs for produce (inventory) supplied to HZ Trading. Defendants' failure and refusal to pay plaintiffs, and the transfer or sale of assets to Midwest Global Food Distributors, LLC and Best Food Services, Inc. without paying plaintiffs, show that defendants are failing to maintain the trust required by statute, and the trust assets will continue to be dissipated unless the relief requested is granted.

<u>THE STANDARD FOR GRANTING RELIEF</u>

The court must consider four factors in deciding whether a preliminary injunction should be granted: (1) whether the plaintiffs have a reasonable likelihood of success on the merits; (2) whether the plaintiffs will have an adequate remedy at law or will be irrepably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on defendant; and (4) whether the granting of the preliminary injunction will disserve the public interest. <u>Faheem-El v. Klincar</u>, 841 F.2d 712 (7th Cir. 1988); <u>Lawson Products, Inc. v. Avnet, Inc.</u>, 782 F.2d 1429 (7th Cir. 1986); <u>Martin v. Helstad</u>, 699 F.2d 387, 389 (7th Cir. 1983).

> 1. <u>Plaintiffs Are Trust Beneficiaries Entitled To Enforce The PACA Trust -- The Likelihood That Plaintiffs Will Prevail On The Merits Is Great</u>

Plaintiffs' entitlement to the relief requested so as to enable them to enforce the trust provisions of PACA and the PACA regulations to secure their trust claim for $56,651.75 is clear. First, plaintiffs are suppliers or seller of wholesale quantities of produce. Second, plaintiffs sold to defendants, in interstate commerce, wholesale quantities of produce valued at $56,651.75, which is past due and unpaid. Third, plaintiffs properly preserved their status as a trust creditor of defendants under PACA by issuing and serving trust notices on HZ Trading as required by 7 U.S.C. §499e(c)(3). Fourth, defendants are dissipating trust assets in that they have failed to pay plaintiffs for the produce supplied despite repeated demands for payment, transferred or sold assets to Midwest Global Food Distributors, LLC and Best Food Services, Inc. without making payment to plaintiffs for the produce (inventory) supplied, and they have advised plaintiffs that they cannot pay plaintiffs.

      2.      **Plaintiffs Would Be Irreparably Injured Were Defendants Not Ordered To Immediately Comply With The PACA Trust Act**

In the absence of preliminary relief, there will be no assets in the statutory trust. Loss of such assets would be irreparable because plaintiffs will not be able to recover the trust assets once they are dissipated, and plaintiffs would be forever excluded as beneficiaries of the statutory trust. H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

      3.      **Possible Harm To Defendants Is Slight Or Nonexistent**.

By enjoining defendants from dissipating trust assets, defendants would only be required to fulfill the duties imposed by statute. Requiring fulfillment of such a duty cannot be harmful as a matter of law. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140.

      4.      **The Public Interest Favors Granting An Injunction.**

The trust provision specifically declares that the Congressional intent behind its passage is to protect the public interest and to remedy the burden on commerce cause by receivers who do not pay for produce. Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra, p. 140. 7 U.S.C. §499e(c)(1). Therefore, the public interest favors granting an injunction.

     5.    Caselaw Supports Plaintiffs' Entitlement To An Injunction.

Caselaw supports plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the produce supplier is not paid. <u>Tanimura & Antle, Inc. v. Packed Fresh, Inc.</u>, <u>supra</u>, p. 140 (irreparable injury established and injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming); <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, <u>supra</u>, p. 159; ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); <u>Dole Fresh Fruit Co. v. United Banana Co.</u>, 821 F.2d 106 (2d Cir. 1987); <u>In re Richmond Produce Co., Inc.</u>, 112 B.R. 364, 367 (Bkrtcy. N.D.Cal. 1990).

## CONCLUSION

The instant application by which plaintiffs seek an order directing defendants to comply with PACA and enjoining them from taking any action inconsistent with the duty of trust maintenance imposed upon defendants by PACA, is designed to afford plaintiffs that which is necessary, in the way of preliminary judicial relief, if plaintiffs are to be able to avail themselves of their statutory trust rights.

For the foregoing reasons, plaintiffs respectfully submit that their Motion for Temporary Restraining Order should be granted.

Dated this 28th day of January, 2008.

    McCARRON & DIESS                    LAW OFFICES OF WILLIAM B. KOHN

By:s/ Mary Jean Fassett                By: s/ William B. Kohn
   Mary Jean Fassett, ID#9078552      William B. Kohn, ARDC #6196142
   4900 Massachusetts Ave., N.W.        150 N. Wacker Drive
   Suite 310                                        Suite 1400
   Washington, DC 20016                Chicago, Illinois 60606
   (202) 364-0400                         (312) 553-1200
   mjf@mccarronlaw.com                 kohn@wbkohnlaw.com

Attorneys for Plaintiff
The Auster Company, Inc.
Jack Tuchten Wholesale Produce, Inc.