IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE AUSTER COMPANY, INC., et al.

        Plaintiffs

v.

H.Z. TRADING, INC. a/t/a
WEI SHENG TRADING, et al.

        Defendants

Civil Action No: 08-548

### AFFIDAVIT OF MARY ROJAS IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Mary Rojas, being duly sworn, deposes and says:

1. I am the Credit Manager for The Auster Company, Inc. ("Auster"), a Plaintiff in the above-referenced proceeding. Auster is located at 2404 S. Wolcott Avenue, Units 32-33, Chicago, Illinois 60608.

2. I make this Affidavit in Support of the Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction.

3. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

4. Auster is in the business of shipping and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") throughout the wholesale, retail and food service markets. Auster is a produce dealer

1

subject to and licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a et. seq. (hereafter "PACA"). With specific reference to the perishable agricultural commodities that are the subject of the PACA trust claim of Auster against defendants, those commodities were grown, shipped and moved in or in anticipation of interstate commerce.

5.  H.Z. Trading, Inc.. a/t/a Wei Sheng Trading ("HZ Trading"), purchased wholesale quantities of produce from Auster and resold those commodities. HZ Trading is a produce dealer subject to license under PACA as a dealer. Upon information and belief, this entity is owned and controlled by the individual defendants, Hong Zhen Huang and Sheng Chen.

6.  The sales and accounts receivable records of Auster, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

7.  My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute. My responsibilities also include supervising collection of the accounts receivable for such sales, including the account of HZ Trading which is the subject of the present motion. I have custody and control of the sales and accounts receivable records of Auster as they relate to HZ Trading, and I am thoroughly familiar with the manner in which those records are compiled.

8. Between November 8, 2007, and December 6, 2007, Auster sold and delivered to defendant, HZ Trading, in interstate commerce, wholesale amounts of produce items worth $30,251.00, which remains unpaid.

9. I was responsible for supervising the collection of receivables resulting from the subject sales transactions, and I am custodian of all invoices, including those at issue in this proceeding. With respect to each of the sales transactions described above, an itemized invoice containing the requisite trust language under 7 U.S.C. §499e(c)(4) was sent to defendant HZ Trading at their business address. All invoices to HZ Trading include a provision for prejudgment interest at 1.5% per month and for attorney's fees. Attached as Exhibit 1 is a true and correct copy of a report summarizing the outstanding invoices for produce sold to HZ Trading. Copies of the outstanding invoices are attached hereto as Exhibit 2.

10. Prior to Auster's commencing this lawsuit, I supervised our salesman, John Zhu, who is fluent in Chinese, in contacting defendant Sheng Chen regarding the outstanding balance due and owing to Auster. It is my understanding from Mr. Zhu, who is also submitting an Affidavit, that defendant Sheng Chen never disputed the amounts due and owing to Auster from HZ Trading, but simply stopped making payments at the end of December, 2007. Auster made several subsequent attempts to contact Mr. Chen without success.

11. On or about January 10, 2008, Auster learned from Sheng Chen that certain of HZ Trading assets had been transferred or sold to Best Food Services, Inc. In addition, as set forth in the accompanying Affidavit of John Zhu, Auster

learned that Hong Zhen Huang and Sheng Chen were continuing to do business under the trade name "Wei Sheng Trading" in Chinese at the warehouse owned by Midwest Global Food Distributors, LLC.

12. Despite repeated demand on Defendants, no payment has been received by Auster.

13. Defendants' failure and refusal to pay its produce suppliers, as well as their transfer of assets without paying Auster, indicate that defendants are failing to maintain sufficient assets in the statutory trust to pay Auster and similarly situated creditors, and are dissipating trust assets.

14. The current amount due and owing to Auster from Defendants is the principal amount of $30,251.00, plus prejudgment interest and attorneys fees.

I declare the above statements to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746 and the laws of the State of Illinois.

Executed this 23RD day of January, 2008 at Chicago, Illinois.

By: _____
Mary Rojas, Credit Manager
The Auster Company, Inc.