IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE AUSTER COMPANY, INC., et al.

        Plaintiffs

v.

H.Z. TRADING, INC. a/t/a
WEI SHENG TRADING, et al.

        Defendants

Civil Action No: 08-548

Dawn E. Arkin, being duly sworn, deposes and says:

1. I am the president of Jack Tuchten Wholesale Produce, Inc. ("Tuchten") a Plaintiff in the above-referenced proceeding. Tuchten is located at 2404 S. Wolcott Avenue, Unit 31, Chicago, Illinois 60608.

2. I make this Affidavit in Support of Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction.

3. I am personally familiar with all matters which are the subject of this proceeding and the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

4. Tuchten is in the business of shipping and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") throughout the wholesale, retail and food service markets. Tuchten is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of

1

1930, as amended, 7 U.S.C. §499a *et. seq.* (hereafter "PACA"). With specific reference to the perishable agricultural commodities that are the subject of the PACA trust claim of Tuchten against defendants, those commodities were grown, shipped and moved in or in anticipation of interstate commerce.

5. H.Z. Trading, Inc.. a/t/a Wei Sheng Trading ("HZ Trading"), purchased wholesale quantities of produce from Tuchten and resold those commodities. HZ Trading is a produce dealer subject to license under PACA as a dealer. Upon information and belief, this entity is owned and controlled by the individual defendants, Hong Zhen Huang and Sheng Chen.

6. The sales and accounts receivable records of Tuchten, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

7. My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute. My responsibilities also include supervising collection of the accounts receivable for such sales, including the account of HZ Trading which is the subject of the present motion. I have custody and control of the sales and accounts receivable records of Tuchten as they relate to HZ Trading, and I am thoroughly familiar with the manner in which those records are compiled.

8. Between December 9, 2007, and December 24, 2007, Tuchten sold and delivered to defendant, HZ Trading, in interstate commerce, wholesale amounts of produce items worth $26,400.75, which remains unpaid.

9. I was responsible for supervising the collection of receivables resulting from the subject sales transactions, and I am custodian of all invoices, including those at issue in this proceeding. With respect to each of the sales transactions described above, an itemized invoice containing the requisite trust language under 7 U.S.C. §499e(c)(4) was hand-delivered to defendant HZ Trading. All invoices to HZ Trading include a provision for prejudgment interest at 1.5% per month and for attorney's fees. Attached as Exhibit 1 is a true and correct copy of a report summarizing the outstanding invoices for produce sold to HZ Trading. Copies of the outstanding invoices are attached hereto as Exhibit 2. Defendant Hong Zhen Huang never disputed the outstanding balance due to Tuchten.

10. Defendant Hong Zhen Huang made the purchases at issue under the trade name "Wei Sheng Trading" from Tuchten. Copies of cancelled checks for purchases not at issue drawn against the account of HZ Trading are attached hereto as Exhibit 3.

11. Towards the end of December, 2007, defendant Huang simply stopped purchasing product from Tuchten and other suppliers of produce on the Chicago market, and stopped making payments on the outstanding balance. Tuchten's subsequent attempts to contact Mr. Huang have not been successful.

12. Despite demand on Defendant HZ Trading, no payment has been received by Tuchten.

13. Defendants' failure and refusal to pay its produce suppliers indicate that defendants are failing to maintain sufficient assets in the statutory trust to pay Tuchten and similarly situated creditors, and are dissipating trust assets.

14. The current amount due and owing to Tuchten from Defendants is the principal amount of $26,400.75, plus prejudgment interest and attorneys fees.

I declare the above statements to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746 and the laws of the State of Illinois.

Executed this 16 day of JANUARY, 2008 at Chicago, Illinois.

By: _____
Dawn E. Arkin, President
Jack Tuchten Wholesale Produce, Inc.